UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-62302-CIV-SINGHAL

JUDITH GRENIER,

    Plaintiff,

v.

TRANS UNION LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Judith Grenier's Motion for Sanctions under Fed. R. Civ. P. 37(c) to Exclude the Declaration of Kenneth D. Williams. (DE [55]). The Motion is fully briefed and ripe for review. For the reasons discussed below, the motion is denied.

I.    INTRODUCTION

Plaintiff, Judith Grenier ("Grenier") has sued Trans Union LLC ("Trans Union") for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff complains that two consumer credit applications made to Synchrony Bank were denied because Trans Union incorrectly reported that she was deceased. The case is at the summary judgment stage and Grenier moves to strike a declaration filed by Trans Union in support of its Motion for Summary Judgment. The timeline of this case is important for the resolution of this motion.

The Court's Scheduling Order (DE [12]) directed the parties to exchange their Rule 26(a)(1) initial disclosures by January 20, 2023, which was the date proposed by the parties in their Joint Scheduling Report. (DE [11]). The Court set an October 19, 2023, discovery deadline. (DE [12]).

On January 16, 2024, the parties filed a Joint Motion to Extend Discovery for the limited purposes of taking Grenier's expert's deposition and obtaining documents and deposition testimony from Synchrony Bank. (DE [36]). Grenier stated that she served a subpoena for documents and deposition on Synchrony Bank on November 28, 2023, and that "Plaintiff has been diligently working with counsel for Synchrony Bank to satisfy the outstanding items in the subpoena, including scheduling Synchrony's deposition."[1] The Court granted that motion (DE [38]) and extended the discovery deadline until February 9, 2024, to allow the parties time to complete those tasks. The Court also extended the dispositive motion and *Daubert* motion deadlines to March 1, 2024.

Trans Union timely filed a Motion for Summary Judgment. (DE [43]). The motion was supported by a declaration of Kenneth D. Williams, Senior Vice President – Enterprise Fraud Leader of Synchrony Bank. (DE [42-5]). Nearly three weeks later, on March 20, 2024, Grenier filed the present motion seeking to exclude Mr. Williams' declaration.

Grenier states that her attorneys made a strategic decision not to take the deposition of Synchrony (notwithstanding their representations in the Joint Motion to Extend Discovery) because they belatedly[2] determined that Trans Union never served their Rule 26(a)(1) disclosures. Now she claims to be prejudiced because she never had the opportunity to depose Synchrony and requests that the Court sanction Trans Union by striking Mr. Williams' declaration.

---

[1] Trans Union had also subpoenaed Synchrony Bank for a deposition on November 16, 2023; Grenier's lawyers noted their intent to cross-notice the deposition. (DE [64-4]).

[2] According to the Declaration of Mehak Rizvi, Grenier's lawyer (DE [55-2]), Grenier's lawyers "made the determination that Trans Union had never disclosed its intention to rely on Synchrony's testimony" in early February 2024. They appear to have first notified defense counsel of the missing initial disclosures on March 14, 2024. (DE [64-5]).

II. LEGAL STANDARDS

"Rule 37(c)(1) governs sanctions for failing 'to provide information or identify a witness as required by Rule 26(a) or (e)' and precludes a late-disclosing party from using 'that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Higgs v. Costa Crociere S.p.A. Co.*, 2016 WL 4370012, at *3 (S.D. Fla. Jan. 12, 2016). "In determining whether the failure to disclose was substantially justified or harmless, the Eleventh Circuit considers: (1) the non-disclosing party's explanation for its failure to disclose; (2) the importance of the information; and (3) any prejudice to the opposing party if the information is admitted." *Id.* (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008)). "The exclusion of expert testimony under Rule 37(c)(1) is a severe sanction that is inappropriate if the opposing party is not prejudiced by the non-disclosing party's actions." *Id.* (citing *Zaki Kulaibee Establishment v. McFliker*, 2011 WL 1327145, at *4 (S.D. Fla. Apr. 5, 2011)).

III. DISCUSSION

More than one year after initial disclosures were due, Grenier's lawyers "discovered" that Trans Union had never forwarded its initial disclosures.[3] Trans Union states that it was an oversight; the initial disclosures were referenced in Trans Union's answer to interrogatories but inadvertently never sent. But rather than calling Trans Union's lawyers and asking about the missing initial disclosures, Grenier's lawyers made a "strategic decision" not to depose Synchrony because Trans Union never made Rule 26 disclosures.[4] This smacks more of gamesmanship than conserving costs. Had Trans

---

[3] Nevertheless, Grenier was able to complete discovery and never moved for an order compelling Trans Union to make its initial disclosures.

[4] This decision came *after* they represented to the Court they needed an extended discovery deadline *for the purpose of taking Synchrony's deposition.*

3

Union served initial disclosures and omitted Synchrony from its list of potential witnesses, Grenier might have a stronger argument; it would have been reasonable to conclude TransUnion would not be relying on testimony from Synchrony. But Trans Union made *no* initial disclosures; Grenier had no reason to conclude Trans Union would not call Synchrony, especially when the parties asked the Court to extend the discovery deadline so that Synchrony could be deposed.

Synchrony's decision to deny credit is clearly an important issue in the case. Indeed, Grenier's Complaint (DE [1]) mentions Synchrony over 20 times and Grenier herself included Synchrony in her initial disclosures and answers to interrogatories:

> The referenced [Synchrony] representative is likely to have knowledge of issues relevant to this case including, but not limited to, details concerning Plaintiff's application for a credit product, the "deceased" notation on Plaintiff's consumer reports, and her inability to obtain the credit card, as further alleged in the complaint. Furthermore, the representative will testify to Synchrony's policies and procedures related to the processing of credit applications.

*See* (DE [64-1,2]). Clearly, Synchrony's involvement in the case was well known to both sides.

Sanctions for nondisclosure of a witness are self-executing "'unless' the Court finds the failure substantially justified or harmless." *Gould v. Transamerica Life Ins. Co.,* 2012 WL 13048566, at *6 (S.D. Ala. Oct. 16, 2012). "In determining whether a nondisclosure is harmless, courts look at a number of factors, but the principal factor is whether the opponent will be prejudiced or surprised." *Id.* (quoting *El Camino Resources, Ltd. v. Huntington Nat'l Bank,* 2009 WL 1228680, at *2 (W.D. Mich. Apr. 30, 2009)). Grenier cannot be surprised and is, therefore, not harmed by the non-disclosure of Synchrony because she herself disclosed Synchrony and the issues to which its testimony would be

relevant. *See Gould,* 2012 WL 13048566, at *7 (nondisclosure of witnesses not harmful to plaintiff where she had already disclosed them). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Judith Grenier's Motion for Sanctions under Fed. R. Civ. P. 37(c) to Exclude the Declaration of Kenneth D. Williams (DE [55]). is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 11th day of April 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF